UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MIX                                                              CIVIL ACTION

VERSUS                                                           No. 06-9464

STATE FARM FIRE AND CASUALTY
INSURANCE CO., *et al.*                                          SECTION: I/2

### ORDER

Before the Court is the motion to remand and request for Rule 11 sanctions filed by plaintiff, Ellis Mix. Plaintiff has included a signed stipulation with his motion declaring that his claim against defendant, State Farm Fire and Casualty Company ("State Farm"), does not exceed $70,000 and that he will not execute on a judgment returned in excess of that amount against defendants, State Farm and Melvin R. Nelson.[1] Plaintiff's stipulation is signed by two witnesses and indicates that it is sworn under penalty of perjury. Defendants filed a response to plaintiff's motion stating that, based on plaintiff's stipulation as to the amount in controversy, they consent to plaintiff's motion to remand.[2]

A court may consider post-removal evidence that clarifies the jurisdictional facts as they existed at the time of removal; however, a court may not consider post-removal events in determining whether the amount in controversy is met. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 & n.18 (5th Cir. 1998); *Asociacion Nacional de Pescadores*

---

[1]Rec. Doc. No. 9-4, p. 21.

[2]Rec. Doc. No. 15.

*a Pequena Escala o Artesanales de Colom. v. Dow Quimica de Colom. S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds*, *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).  A stipulation may effectuate a remand where it is used to clarify an ambiguous petition, rather than to reduce the initial amount in controversy after removal.  *Hummel v. State Farm Mut. Auto. Ins. Co.*, No. 04-1386, 2005 U.S. Dist. LEXIS 127, at *4 (E.D. La. Jan. 5, 2005) (Porteous, J.) (citing *Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993)).  The Court finds that plaintiff's state court petition is ambiguous as to damages and that plaintiff's stipulation clarifies this ambiguity.  The Court does not have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332; remand is, therefore, appropriate.[3]

Plaintiff also claims that sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure are warranted because defendants' attorneys should have known that their removal arguments would fail in light of this Court's ruling in *Johnson v. State Farm Fire & Cas. Ins. Co.*, No. 06-4256, 2006 U.S. Dist. LEXIS 89409 (E.D. La. Dec. 11, 2006).[4]  Plaintiff argues that sanctions "would preclude additional filings of frivolous and/or fraudulent removal petitions."[5]

---

[3]In its removal petition, State Farm presented several alternative arguments in favor of this Court's jurisdiction.  Rec. Doc. No. 1, pp. 6-11.  This Court has previously rejected these arguments as proper bases for jurisdiction in similar cases.  *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Indep. Ins. Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).  Counsel for State Farm did not renew these jurisdictional arguments in response to plaintiff's motion to remand, and--considering defendants' consent to the remand--the Court finds no need to reiterate its previous reasoning.  The Court, however, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

[4]Rec. Doc. No. 9-2, p. 4.

[5]Rec. Doc. No. 9-2, p. 4.

The Court agrees with defendants' argument that plaintiff's request fails to comply with the requirements of Rule 11. A motion for sanctions under Rule 11 "shall be made separately from other motions or requests." Fed. R. Civ. P. 11(c)(1)(A). "It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged . . . claim . . . is not withdrawn or appropriately corrected." *Id.* Plaintiff's request for sanctions was not set out in a separate motion, but was combined with his motion to remand. Further, plaintiff has not complied with the "safe harbor" provision of the Rule by serving his request for sanctions 21 days before filing with the Court. "The 'safe harbor' provision added to Rule 11 contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention. The plain language of the rule indicates that this notice and opportunity prior to filling is mandatory." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). For these reasons, plaintiff's request will be denied.[6]

Insofar as plaintiff is requesting that the Court impose sanctions on its own initiative as envisioned by Rule 11(c)(1)(B), that request is also denied. The Fifth Circuit has held that "in order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith.'" *Id.* at 217 (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)). Plaintiff has shown no evidence of defendants' bad faith; therefore, the Court declines to exercise its power to assess sanctions.

Accordingly,

---

[6] The Court also notes that, while plaintiff accuses defendants of ignoring this Court's previous decision in *Johnson*, plaintiff's request for sanctions evinces a similar ignorance of that case. There, the Court made an identical finding that the plaintiffs' request for sanctions was improper; moreover, the plaintiffs in *Johnson* were represented by the same attorney who represents plaintiff in this matter.

**IT IS ORDERED** that the motion to remand filed by plaintiff, Ellis Mix,[7] is **GRANTED**, and the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

**IT IS FURTHER ORDERED** that plaintiff's request for Rule 11 sanctions is **DENIED**.

New Orleans, Louisiana, April __12th__, 2007.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[7] Rec. Doc. No. 9.